UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERAMIE WHITE,

                              **Plaintiffs,**

                                                  **ANSWER**

   v.                                              Civil Action No.: 5:18-CV-01471
                                                        (GTS/ML)

**SYRACUSE POLICE DEPARTMENT,**
**ABRAHAM MAMOUN,**   Syracuse Police Dept.
**WILLIAM KITTLE,**       Syracuse Police Dept.
**SHAWN HAUCK,**         Syracuse Police Dept.
**ALTIMONDA,**             Syracuse Police Dept.
**FIORINI,**                   Syracuse Police Dept.

                                             **Defendants.**

---

      Defendants, **SYRACUSE POLICE DEPARTMENT, POLICE OFFICERS ABRAHAM MAMOUN, WILLIAM KITTLE, SHAWN HAUCK and FIORINI,** (collectively "Answering Defendants")[1], by and through their attorney, KRISTEN E. SMITH, ESQ. CORPORATION COUNSEL OF THE CITY OF SYRACUSE, Leigh A. Lieberman, Esq., Assistant Corporation Counsel, Of Counsel, Answers the Plaintiff's Complaint as follows:

      1.    Answering Defendants **DENY** the allegations contained in paragraph "1" of the Complaint herein;

      2.    Answering Defendants **ADMIT** that Officers Abraham, Kittles, Hauck and Fiorini are employed by the Syracuse Police Department, but **DENY** the remaining allegations contained in paragraph "2" of the Complaint herein;

---

[1] While the City of Syracuse has accepted service on behalf of its Police Officers as captioned herein, it should be noted that Defendant Abraham Mamoun should have been identified as Police Officer Mamoun Abraham. Likewise, Defendant Fiorini is more accurately identified as Police Officer Anthony Fiorini.

3. The allegations contained in paragraph "3" of the Complaint herein raise a question of **LAW** and as such do not require a response. To the extent a response is required, Answering Defendants  the allegations contained in paragraph "3" of the Complaint, herein;

4. The allegations contained in paragraph "4" of the Complaint herein raise a question of **LAW** and as such do not require a response. To the extent a response is required, Answering Defendants  the allegations contained in paragraph "4" of the Complaint, herein;

5. The allegations contained in paragraph "5" of the Complaint herein raise a question of **LAW** and as such do not require a response. To the extent a response is required, Answering Defendants  the allegations contained in paragraph "5" of the Complaint, herein;

6. Answering Defendants **ADMIT** the allegations contained in paragraph "6" of the Complaint herein;

7. Answering Defendants **ADMIT** the allegations contained in paragraph "7" of the Complaint herein;

8. Answering Defendants **ADMIT** the allegations contained in paragraph "8" of the Complaint herein;

9. Answering Defendants **DENY** the allegations contained in paragraph "9" of the Complaint herein;

10. Answering Defendants **ADMIT** the allegations contained in paragraph "10" of the Complaint herein;

11. Answering Defendants **ADMIT** the allegations contained in paragraph "11" of the Complaint herein;

12. The allegations contained in paragraph "12" of the Complaint herein raise a question of **LAW** and as such do not require a response. To the extent a response is required, Answering Defendants **DENY** the allegations contained in paragraph "12" of the Complaint, herein;

## ACTION CLAIM

13. Answering Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "ONE" of the Complaint herein;[2]

14. Answering Defendants **DENY** the allegations contained in paragraph "TWO" of the Complaint herein;

15. Answering Defendants **DENY** the allegations contained in paragraph "THREE" of the Complaint herein;

16. Answering Defendants **ADMIT** that Police Officer Abraham in an effort to gain Plaintiff's compliance struck Plaintiff with a closed fist in the jaw area one time and that when Plaintiff continued to struggle with the Answering Defendants Police Officer Abraham deployed his departmental-issue Oleoresin Capsicum spray to Plaintiff's face but **DENY** the remainder of the allegations contained in paragraph "FOUR" of the Complaint, herein;

17. Answering Defendants **ADMIT** that Police Officer Fiorini was present during the entire event but **DENY** the remainder of the allegations contained in paragraph "FIVE" of the Complaint, herein;

18. The allegations contained in paragraph "SIX" of the Complaint herein raise questions of **LAW** and as such do not require a response. To the extent a response is required, Answering Defendants **DENY** the allegations contained in paragraph "12" of the Complaint, herein;

---

[2] Answering Defendants refer to the paragraphs as delineated by Plaintiff in his Complaint.

## CLAIM FOR RELIEF AGAINST THE DEFENDANTS

19. Answering Defendants Repeat and Respond to each and every allegation as if more fully set forth herein.

20. Answering Defendants **DENY** the allegations contained in paragraph "B" of the Complaint herein;

21. Answering Defendants **ADMIT** they acted within the scope of their employment as employees of the Syracuse Police Department, but **DENY** the remaining allegations contained in paragraph "C" of the Complaint herein;

22. Answering Defendants **DENY** the allegations contained in paragraphs "D"-"F" of the Complaint herein;

23. Answering Defendants **ADMIT** they acted in their capacity as Police Officers employed by the Syracuse Police Department, but **DENY** the remaining allegations contained in paragraph "G" of the Complaint, herein;

24. Answering Defendants **DENY** the allegations contained in paragraphs "H"-"J" of the Complaint herein;

25. Answering Defendants **DENY** all other allegations not specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

26. Any damages alleged to have been sustained by Plaintiff was caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Answering Defendants;

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

27. Plaintiff is guilty of provoking any actions alleged as assault or battery.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

28. Some or all of the Plaintiff's claims for compensatory and punitive damages are barred by applicable state and federal law;

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

29. Plaintiff has failed to state a claim upon which relief may be granted; any claims for punitive damages violate provisions of the Constitution of the United State and the State of New York;

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

30. To the extent that the Plaintiff seeks punitive or exemplary damages within their Complaint against the Syracuse Police Department and/or the individual defendants in their official capacity, such claims should be dismissed as improper;

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

31. Plaintiff has failed to state a cause of action upon which relief may be granted;

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

32. Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action;

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

33. Some or all of Plaintiff's claims are barred by the applicable statute of limitations;

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

34. Some or all of Plaintiffs' causes of action are barred by their failure to comply with §§50-e, 50-h and 50-i of the General Municipal Law;

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

35. To the extent Plaintiff has failed to mitigate his damages, his claims for damages are diminished or barred;

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

36. Some or all of the damages alleged in the complaint are barred and/or subject to the qualifications and limitations of the provisions of Section 4545 of the CPLR;

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

37. Any and all acts of Answering Defendants and any agents or employees of the Syracuse Police Department were justified and in accordance with the law;

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

38. Any actions done by agents of the City in arresting and detaining Plaintiff were done in good faith, with probable cause and without malice;

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

39. Answering Defendants had probable cause to search, arrest, detain and file criminal charges against Plaintiff;

**AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

40. Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Answering Defendants in the alleged constitutional violations;

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

41. Any force used by Answering Defendants and/or any agents or employees of the City was privileged, reasonable, and necessary;

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

42. Answering Defendants' alleged conduct was neither extreme nor outrageous;

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

43. Defendants did not unreasonably endanger Plaintiff's physical safety or create an unreasonable risk of bodily harm to Plaintiff;

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, ANSWERING
DEFENDANTS ALLEGE AS FOLLOWS:**

44. Defendant Syracuse Police Department properly hired, trained, and supervised its Police Officers;

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

45. The Complaint fails to state specific acts of conduct attributable to the Answering Defendants that gives rise to liability pursuant to 42 U.S.C. §1983;

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

46. The Complaint fails to allege the existence of a custom, policy or procedure of the Syracuse Police Department which give rise to liability pursuant to 42 U.S.C. §1983;

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

47. The Syracuse Police Department does not maintain or allow a policy, custom or practice that allegedly violated Plaintiff's civil rights;

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

48. The Syracuse Police Department maintains adequate policies that are in accordance with State and Federal Law.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

49. The Complaint fails to allege actions taken by officials with final policymaking authority that caused a constitutional violation of Plaintiff's civil rights;

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

50. Upon information and belief, if Plaintiff obtains any recovery in this action against the Answering Defendants, such recovery and liability against the Answering Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Answering Defendants to Plaintiff for non-economic loss shall be limited to the Answering Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any;

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

51. Upon information and belief, Plaintiff may have, or might in the future, reach agreements and/or settlement with other nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to the Answering Defendants at which time the Answering Defendants will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108;

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

52. If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third party acting outside the scope of his employment;

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

53. Any and all acts of the Answering Defendants and/or any agents or employees of the Syracuse Police Department were privileged, reasonable and necessary and are protected by qualified immunity;

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

54. Any and all acts of the Answering Defendants and/or any agents or employees of the Syracuse Police Department were privileged, reasonable and necessary and are protected by absolute immunity;

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

55. Answering Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to plaintiff's federally protected rights;

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

56. Answering Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous;

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

57. Demand is made for a jury trial on all issues;

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

58. Answering Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this case;

**WHEREFORE**, Answering Defendants demand judgment dismissing the Complaint with costs, disbursements, attorney's fees and for such other and further relief as to the Court may deem just and proper.

Dated: July 31, 2019　　　　　　　　　　　KRISTEN E. SMITH, ESQ.
　　　　Syracuse, New York　　　　　　　　CORPORATION COUNSEL
　　　　　　　　　　　　　　　　　　　　　OF THE CITY OF SYRACUSE

By: _____
　　Leigh A. Lieberman, Esq.
　　Assistant Corporation Counsel
　　Bar Roll No. 515113
　　*Attorney for Syracuse Police Department Defendants*
　　300 City Hall
　　Syracuse, New York 13202
　　Tel: (315) 448-8400
　　Fax: (315) 448-8381
　　E-Mail: llieberman@syrgov.net

To:　Jeramie White
　　　215 Northwood Drive
　　　Mattydale, New York 13211
　　　Syracuse, New York 13202

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 31, 2019, he filed Answering Defendants' Answer by electronically filing with the Clerk of the Court herein, and mailed a hard copy via U.S. Postal mail to Plaintiff at the following address:

> Jeramie White
> 215 Northwood Drive
> Mattydale, New York 13211

Dated: July 31, 2019
Syracuse, New York

KRISTEN E. SMITH, ESQ.
CORPORATION COUNSEL
OF THE CITY OF SYRACUSE

By: _____
Leigh A. Lieberman, Esq.
Assistant Corporation Counsel
Bar Roll No. 515113
*Attorney for Syracuse Police Department Defendants*
300 City Hall
Syracuse, New York 13202
Tel: (315) 448-8400
Fax: (315) 448-8381
E-Mail: llieberman@syrgov.net